IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2090-D

| | |
|---|---|
| CARL M. DRURY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, FCI BUTNER, ) | |
| ) | |
| Respondent. ) | |

On July 6, 2009, Carl M. Drury, Jr. ("Drury" or "petitioner"), a federal inmate incarcerated at the Federal Correctional Institution-Medium in Butner, North Carolina ("FCI-Butner"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On February 17, 2010, respondent filed a motion to dismiss [D.E. 4]. On February 18, 2010, the court notified Drury about the motion to dismiss [D.E. 5]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On March 25, 2010, Drury responded in opposition [D.E. 7]. For the reasons explained, the court grants respondent's motion to dismiss [D.E. 4].

I.

On February 21, 2002, a jury in the United States District Court for the Southern District of Georgia convicted Drury on four counts of using an interstate commerce facility in the commission of a murder for hire in violation of 18 U.S.C. § 1958 and one count of possession of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). See United States v. Drury, No. 2:01-CR-28-DHB (S.D. Ga. Feb. 21, 2002); see also Pet. 14. Essentially, Drury placed four separate phone calls to a government undercover agent, posing as a hit-man, to solicit the murder of his wife. Pet. 19. Fortunately for Drury's wife, she was not murdered. Id. In his defense, Drury

insisted that he was "framed" by his wife's alleged lover, an agent with the Bureau of Alcohol, Tobacco, and Firearms. Id. at 16–17. Drury claimed that he had "agreed to play the part of a husband who wanted his wife murdered" in what he thought was a law enforcement "training exercise." Id. at 17. Following his conviction, the court sentenced Drury to 144 months' imprisonment on the murder-for-hire counts and a consecutive 60 months' imprisonment on the firearm conviction. See United States v. Drury, No. 2:01-CR-28-DHB (S.D. Ga. May 15, 2002) (judgment).[1] In total, the court sentenced Drury to 204 months' imprisonment. See Pet. ¶ 4. The court also imposed a term of 5 years' supervised release, a $100,000.00 fine, $4,400.00 restitution to petitioner's wife, and a $500.00 special assessment. Id. at 14.

Drury appealed, and on January 18, 2005, the Eleventh Circuit affirmed Drury's convictions and sentences. See United States v. Drury, 396 F.3d 1303, 1319 (11th Cir. 2005); see also Pet. 14. On October 3, 2005, the Supreme Court denied Drury's petition for writ of certiorari. See Drury v. United States, 546 U.S. 813 (2005); see also Pet. 14. On November 28, 2005, the Supreme Court denied Drury's petition for rehearing. See Drury v. United States, 546 U.S. 1055 (2005); see also Pet. 14.

On April 9, 2007, the district court denied as time-barred Drury's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Drury v. United States, No. 2:06-CV-284-DHB, 2007 WL 1100497, at *1, 6 (S.D. Ga. Apr. 9, 2007) (unpublished); see Pet. 15. On November 13, 2007, the Eleventh Circuit affirmed. Drury v. United States, 507 F.3d 1295, 1297 (11th Cir. 2007);

---

[1]Specifically, the court sentenced Drury to 120 months' imprisonment as to Counts 1 and 2, to be served concurrently with each other, 24 months as to Counts 3 and 4, to be served concurrently with each other but consecutively to the sentence imposed as to Counts 1 and 2, and 60 months on Count 5, not to be served concurrently with any sentence imposed on Counts 1 and 4. See United States v. Drury, No. 2:01-CR-28-DHB (S.D. Ga. May 15, 2002) (judgment); see also Pet. ¶ 3; id. at 14.

2

see Pet. 16. On October 6, 2008, the Supreme Court denied Drury's petition for writ of certiorari. See Drury v. United States, 129 S. Ct. 159 (2008); see also Pet. 16.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions, elements of a cause of action, or bare assertions devoid of further factual enhancement. See Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50. A defendant is entitled to have a claim dismissed if the plaintiff fails to allege enough facts "to raise a right to relief above the speculative level" by providing "enough facts to state a claim to relief that is plausible on its face." Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quotations omitted).

Here, Drury claims that the district court erred in sentencing him to 144 months' imprisonment. See Pet. 8, 19, 21. According to Drury, he should not have been charged with four separate offenses under section 1958. See id. Instead, Drury asserts that his "multiple uses of the phone in an attempt to solicit the murder of his [wife], to the same undercover agent, constituted a single offense under 18 U.S.C. § 1958." Id. at 21. Absent bodily injury or death, Drury asserts that 120 months is the statutory maximum for a conviction under section 1958. Id. at 13. Thus, Drury

3

complains that his sentence is 24 months longer than the statutory maximum and that the BOP is holding him illegally. Petr.'s Resp. Mot. Dismiss 2. Drury asserts that the court has jurisdiction under 28 U.S.C. § 2241, because relief under 28 U.S.C. § 2255 is inadequate or ineffective. Pet. ¶ 13.

Respondent asks the court to dismiss Drury's section 2241 petition because it attacks his conviction and sentence, not the execution of his sentence. Mot. Dismiss 2. Respondent states that a prisoner generally should seek relief under 28 U.S.C. § 2255 to challenge a sentence. Id. According to respondent, Drury raised the same attack on his sentence in his unsuccessful section 2255 motion. Id. at 2–3.[2] Hence, respondent asserts that Drury has exhausted his one opportunity to attack his sentence and that Drury fails to meet the exceptions for filing a successive section 2255 motion. Id. at 2–5.

Although Drury filed this action pursuant to 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. Drury must challenge the legality of his conviction and sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate or ineffective to test the legality of a conviction when three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

[2]Respondent acknowledges that the court denied Drury's motion as untimely and did not address the merits. Mot. Dismiss 3.

4

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Drury concedes that he "cannot satisfy the exact standard announced in Jones." Pet. 13. Nevertheless, Drury asserts that like Jones, he is "trapped between a constitutional 'rock' and a statutory 'hard place.'" Id. Drury asks the court "to expound upon the Jones decision as it relates to his situation" and to render relief in the "spirit of the Jones decision." Id. at 11, 13.

Drury attributes his predicament to the errors of his privately retained attorneys. See id. at 13, 18. At sentencing and on appeal, Drury asserts that his attorneys failed to argue that the court should have grouped the four phone calls as a single offense and not imposed a sentenced beyond the statutory maximum. See id. Although these issues were included in his motion to vacate under section 2255, Drury contends that dismissal of the motion on procedural grounds, allegedly through no fault of his own, precluded any court from considering the argument. See id. at 13; see also Petr.'s Resp. Mot. Dismiss 2.

This court does not agree with Drury. Simply put, Drury has not satisfied the three-prong test under Jones by demonstrating that section 2255 is an "inadequate or ineffective remedy." Thus, petitioner may not proceed on his claim under section 2241.

This court cannot convert this section 2241 petition into a section 2255 petition because Drury previously filed such a habeas action. See Drury v. United States, No. 2:06-CV-284-DHB, 2007 WL 1100497 (S.D. Ga. Apr. 9, 2007) (unpublished) (order dismissing section 2255 petition as untimely), aff'd, 507 F.3d 1295 (11th Cir. 2007), cert denied, 129 S. Ct. 159 (2008). A person cannot bring a second or successive section 2255 petition unless the appropriate court of appeals first certifies that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); United States v. Winestock, 340 F.3d 200, 204–05

5

(4th Cir. 2003). Drury has not met this burden.[3] Accordingly, Drury's petition does not fall within the savings clause of section 2255, and thus fails to fall within the scope of section 2241.

Alternatively, the court dismisses Drury's petition for failure to exhaust his administrative remedies. The BOP provides a sequential, administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–542.15. Drury admits that he failed to exhaust before filing his petition. See Petr.'s Resp. Mot. Dismiss 3. Drury asks the court to excuse his failure to exhaust his administrative remedies before filing suit. Id. Drury claims that he was unaware that exhaustion was a prerequisite to filing suit. See id. Drury also alleges that exhaustion is futile because he anticipates that the BOP will deny his request. See id.

"Federal prisoners must exhaust their administrative remedies prior to filing [section] 2241 petitions." McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (per curiam) (unpublished); see, e.g., Asare v. U.S. Parole Comm'n, 2 F.3d 540, 544 (4th Cir. 1993). In general, failure to exhaust is an affirmative defense, and a prisoner is not required to plead or prove exhaustion. See Jones v. Bock, 549 U.S. 199, 215–16 (2007); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 680–81 (4th Cir. 2005). A district court may raise the affirmative defense of exhaustion sua sponte, provided that the plaintiff is allowed an opportunity to respond. Anderson, 407 F.3d at 682. However, a district court may dismiss an action sua sponte in those rare cases when it is apparent from the face of the complaint that "'a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.'" Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (quoting Freeman v. Watkins, 479 F.3d 1257, 1260 (10th Cir. 2007)); see Anderson, 407 F.3d at 682–83.

---

[3]If Drury had brought this petition under 28 U.S.C. § 2255, this court would not have jurisdiction to hear Drury's claim because he was sentenced in the United States District Court for the Southern District of Georgia. A prisoner wishing to challenge his conviction under section 2255 must file his petition in the court of conviction. See 28 U.S.C. § 2255(a).

6

Nothing indicates that this court should excuse Drury's failure to exhaust before filing his petition. Drury cannot bootstrap his own failure to follow procedures into an excuse for failing to exhaust. See, e.g., Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004) ("A prisoner cannot manufacture exigency by tarrying."). Thus, because Drury failed to exhaust his administrative remedies before filing his petition, the court dismisses the petition without prejudice.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Drury's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability.

II.

For the reasons stated, the court GRANTS respondent's motion to dismiss [D.E. 4] and DISMISSES without prejudice petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 for failure to state a claim and lack of jurisdiction or, in the alternative, for failure to exhaust administrative remedies. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 14 day of June 2010.

JAMES C. DEVER III
United States District Judge